UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REKWANE SHEVELL WAGNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-00703 AGF |
| ) | |
| ST. LOUIS COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court is the application of self-represented plaintiff ReKwane Shevell Wagner to proceed in the district court without prepaying fees or costs. Plaintiff was incarcerated at the St. Louis County Justice Center when he filed the complaint in this matter on July 1, 2022. [ECF No. 1 at 2]. However, on August 22, 2022, the Court received a change of address notice from plaintiff indicating that he had been released from incarceration. [ECF No. 3]. Because plaintiff was released from confinement shortly after filing the instant action, the Court will grant his request to proceed in forma pauperis and will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(a)(1). Furthermore, based upon an initial review of the complaint under 28 U.S.C. § 1915(e)(2)(B), the Court will dismiss this action, without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff ReKwane Shevell Wagner, a former inmate at the St. Louis County Justice Center, filed the instant action pursuant to 42 U.S.C. § 1983 on July 1, 2022. As noted above, the Court was notified of plaintiff's release from the St. Louis County Justice Center on August 22, 2022. [ECF No. 3]. After plaintiff was released from custody, the Court issued an order requiring plaintiff to either pay the full filing fee of $402 or file a motion to proceed in forma pauperis in this matter. [ECF No. 4]. Plaintiff filed a motion to proceed in forma pauperis on October 28, 2022. [ECF No. 5].

In this action for violation of his civil rights, plaintiff names the following five (5) individuals and entities as defendants: (1) St. Louis County; (2) Director of St. Louis County Justice Center, Scott Anders; (3) Unknown St. Louis County Jail Medical Supervisor; (4) Unknown Medical Staff Members; and (5) Nurse Cheri Unknown. Plaintiff names defendants

Anders and Unknown Medical Supervisor in their individual and official capacities. However, he is silent as to the capacities under which he is suing the remaining defendants.

Plaintiff alleges that he suffered an injury to his left leg on June 10, 2022, at the St. Louis County Justice Center while playing basketball in the recreation yard. Although plaintiff does not describe exactly where he was injured on his left leg, he describes his injury as follows:

> I felt extreme pressure around the heel of my foot, my ankle and the entire back of my left leg up to my calf muscle. I could not put any pressure, and still can't, on the ball of my foot. I cannot run, jump, or walk normally. I've torn a muscle/ligament before in my knee and this feels like the same type of injury.

[ECF No. 1, p. 3].

Plaintiff states that after seeking medical assistance for his injury, he was given an X-ray and a bandage for his leg. "The medical supervisor concluded that I needed no medical treatment after they looked at the X-ray." Plaintiff complains that when he sought additional medical treatment for his leg on two separate occasions, both Nurse Cheri and a white male nurse also told him that he did not need additional medical treatment because there was no swelling on his leg or broken bones. Plaintiff believes the medical staff was deliberately indifferent to his serious medical needs because they refused to provide him with an MRI, consistent ice packs,[1] crutches, and "allowed [him] to suffer unnecessarily." He also complains that he had to walk to take a shower, get his dinner tray, go to the day room, as well as stand to talk to the nurse and caseworker. He states this made his leg "almost double in size" after doing so and caused him to be up at night in pain. *Id* at 3-4.

---

[1] It appears that plaintiff was provided ice packs on some days for his injury, but he complains that he was not provided ice packs "everyday." Plaintiff has not indicated how many days he was provided ice for his injury.

Plaintiff asserts that he was "constantly" told by unnamed "other nurses" and correctional officers that they noticed swelling when they looked at his leg. He states that after being unable to "move around" the first three days after his injury, an unnamed correctional officer moved him to a lower tier and an unnamed person provided him with ibuprofen for seven (7) days.

On June 26, 2022, approximately sixteen (16) days after his injury, plaintiff saw physician Unknown Todd at St. Louis County Justice Center. He claims that Todd "maliciously" hit his achilles with the metal step from the examination table and diagnosed him with a torn tendon.[2] Plaintiff does not indicate what medical treatment was prescribed for the torn tendon. However, he states in a conclusory manner that he sustained "prolonged swelling and damage to [his] left leg due to constant usage, unnecessary pain because of lack of support and medicine." Plaintiff reasserts that he needs an MRI, crutches and ice to heal his injury. Additionally, he asserts that it is Scott Anders' responsibility to ensure the safety of the prisoners at the Justice Center. [ECF No. 1 at 4].

For relief, plaintiff seeks monetary damages.

## Discussion

The Court finds that plaintiff's allegations of deliberate indifference to his serious medical needs are subject to dismissal.

### A. Official Capacity Claims Against All Defendants

Plaintiff sues all the defendants in their official capacities in this action.[3] "[A]s a suit

---

[2] Plaintiff's handwriting is difficult to read, but it appears that he is asserting he was diagnosed with a torn tendon. However, the Court is unsure where on his leg the tendon was torn. The Court notes that plaintiff has not sued defendant Unknown Todd in this action.

[3] Plaintiff sues defendants Anders and Unknown Medical Supervisor in both their individual and official

against a government official in his official capacity is functionally equivalent to a suit against the employing governmental entity, a suit against a government official in only his official capacity should be dismissed as redundant if the employing entity is also named." *King v. City of Crestwood, Mo.*, 899 F.3d 643, 650 (8th Cir. 2018). In this case, plaintiff's suit against defendants in their official capacities is the functional equivalent of a suit against St. Louis County, Missouri.

A local governing body can be sued directly under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). However, a municipality cannot be held liable merely because it employs a tortfeasor. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality…cannot be liable on a respondeat superior theory"). Rather, to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional

---

capacities. However, he is silent as to the capacity under which he is suing the remaining defendants. A plaintiff can bring a § 1983 claim against a public official acting in his or her official capacity, his or her individual capacity, or both. *Baker v. Chisom,* 501 F.3d 920, 923 (8th Cir. 2007). However, if a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id. See also Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.,* 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"); and *Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims"). As such, the Court presumes that plaintiff is suing defendants St. Louis County, Unknown Medical Staff Members and Nurse Cheri Unknown in their official capacities only.

policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of St. Louis County, Missouri.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." To do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (explaining that inadequate training may serve as the basis for 42 U.S.C. § 1983 liability only when "the failure to train amounts to deliberate indifference"). To show deliberate indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

In this case, plaintiff has failed to allege any facts alleging an unconstitutional policy, custom, or failure to train or supervise. At a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Plaintiff has failed to do so in this instance. As such, his claims against defendants in their official capacities are subject to dismissal.

As noted above, the only defendants that plaintiff has alleged individual capacity claims against are Scott Anders and Unknown Medical Supervisor. The Court will address those claims below.

**B. Individual Capacity Claims Against Scott Anders and Unknown Medical Supervisor**

Plaintiff brings individual capacity claims for deliberate indifference to his serious medical needs against defendants Scott Anders and Unknown Medical Supervisor. However, plaintiff has failed to make any specific allegations against the Director of the St. Louis County Jail, Scott Anders or "Unknown Medical Supervisor" in the body of his complaint.[4]

Liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). Plaintiff's failure to link defendants Anders and "Unknown Medical Supervisor" to violations of his constitutional rights is fatal to his claims against these defendants. Additionally, there is no respondeat superior, or supervisory liability, under § 1983. *See Rogers v. King*, 885 F.3d 1118, 1122 (8th Cir. 2018); *see also Whitson v. Stone County Jail*, 602 F.3d 920, 928 (8th Cir. 2010) ("In a § 1983 case, an official is only liable for his own

---

[4]Plaintiff's only mention of "Unknown Medical Supervisor" in the body of his complaint is to state that no treatment was needed after looking at the X-ray and that "certain nurses, names unknown, because they refused to tell me, would become visibly agitated and angry when they see me in the medical line to ask about treatment and then proceed to tell me I don't need medical treatment or that the medical supervisor refused my request." [ECF No. 1, p. 4]. Plaintiff has failed to indicate that the Unknown Medical Supervisor violated his constitutional rights by denying him medical care under the Fourteenth Amendment.

misconduct and is not accountable for the misdeeds of his agents under a theory such as respondeat superior or supervisor liability") (internal quotations omitted).

Even if plaintiff had made specific allegations against defendant Unknown Medical Supervisor in this action, he still has failed to articulate a deliberate indifference to his serious medical needs. At all relevant times, plaintiff was a pretrial detainee, so his constitutional claims fall within the ambit of the Fourteenth Amendment. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010). However, the Fourteenth Amendment provides at least as much protection to pretrial detainees as the Eighth Amendment does to convicted prisoners. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Accordingly, a pretrial detainee's medical claims are analyzed under the Eighth Amendment's deliberate indifference standard. *See Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006). *See also Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020) (stating that a pretrial detainee has the same rights to medical care under the due process clause as an inmate has under the Eighth Amendment).

In this case, plaintiff asserts that defendants were deliberately indifferent to his serious medical needs. However, he has failed to indicate in his complaint that the Unknown Medical Supervisor defendants knew he suffered from an objectively serious medical need and disregarded that need. *See Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). In fact, plaintiff has failed to allege anything more than a disagreement with the treatment provided to him by the medical professionals at the St. Louis County Justice Center.

"A prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation." *Meuir v. Greene*

*Cty. Jail Emps.*, 487 F.3d 1115, 1118-19 (8th Cir. 2007). *See also Cejvanovic v. Ludwick,* 923 F.3d 503, 507 (8th Cir. 2019) (stating that a "mere disagreement with treatment decisions…does not rise to the level of a constitutional violation").

For the aforementioned reasons, the Court finds that plaintiff's complaint is frivolous and fails to state viable legal claims. The Court will dismiss the complaint on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs [ECF No. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this action would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 27th day of March, 2023.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE